IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTON LOUIS MARSHALL, JR., #1056942, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:06-CV-1480-L ECF |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of possession with intent to deliver cocaine in Criminal District Court Number 2 of Dallas County, Texas, in cause number F01-49702. (Pet. at 2). On August 16, 2001, the trial court assessed punishment at ninety-nine years imprisonment. (*Id.*). The Court of Appeals affirmed his

conviction and sentence. *State v. Marshall*, No. 05-01-01374-CR (Tex. App. -- Dallas February 28, 2003, no pet).[1]

On March 11, 2004, Petitioner filed a state application pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* No. W01-49702-I(A) (first page enclosed as Attachment I). The Texas Court of Criminal Appeals (TCCA) denied the application without written order on June 2, 2004. *Ex parte Marshall*, No. WR-58,872-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=225470 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, Aug. 21, 2006).

On August 11, 2006, Petitioner filed the instant federal petition for writ of habeas corpus. (Pet. at 1 and 9).[2] He asserts multiple grounds of ineffective assistance of counsel on appeal, and one ground of actual or legal innocence. (*Id.* at 7 and attached memorandum in support).

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas

---

[1] The docket sheet for Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/01/05011374.HTM.

[2] For purposes of this recommendation, the petition is deemed filed on August 11, 2006, the date Petitioner signed his federal petition, and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

petition in process issued cases).³

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on March 30, 2003, the last day on which he could have filed a PDR with the Texas Court of Criminal Appeals. The one-year period began to run

---

³ On August 22, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitation period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the Court's show cause order on September 22, 2006.

on March 31, 2003, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of March 11, 2004, the date on which Petitioner filed his art. 11.07 application (*see* Attachment I), 346 days of the one-year limitation period had elapsed. The state application remained pending until it was denied on June 2, 2004, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on June 3, 2004, and expired 19 days later on June 22, 2004 – 780 days before Petitioner can be deemed to have filed the federal petition in this case. Therefore, the federal petition is clearly time barred unless the one-year statute of limitations is tolled on equitable grounds.

In response to the Court's order to show cause, Petitioner alleges that he is entitled to equitable tolling. The one-year statute of limitations can be equitably tolled in cases presenting "rare and exceptional circumstances," *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), and if the applicant diligently pursued his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff [or petitioner] is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "[N]either a plaintiff's unfamiliarity with process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner alleges that he did not learn of the denial of his art. 11.07 writ until August 9, 2005, when he received a letter from the TCCA informing him that his art. 11.07 writ had been denied on June 2, 2004. (Pet's Response to Show Cause Order at 7-8 and Pet's Appendix in

4

Support at Exh).  He, thus, argues that he is entitled to equitable tolling.  Although statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable in the event of delayed notice of denial of a state habeas application, equitable tolling may be warranted.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000) (state habeas petition was not "pending," as would statutorily toll petitioner's limitations period to file federal habeas claim under AEDPA, during four month period between actual denial and day when petitioner allegedly first received notice of denial; but equitable tolling was available because petitioner acted with due diligence).

In this case, even taking Petitioner's allegation as true, he is not entitled to equitable tolling.  His own pleadings establish that he did not pursue the habeas process with diligence and alacrity.

Petitioner's own allegations confirm that he delayed the filing of his art. 11.07 application by 346 days after his conviction became final.  Petitioner provides no explanation for this delay, which appear to have been of Petitioner's own making.  Such unexplained delay does not make the circumstances of this case extraordinary enough to qualify for equitable tolling.  *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003).  "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Id.*, at *4.

Petitioner's dilatory conduct continued following the delayed notice of denial of his state writ.  As of August 9, 2005, when Petitioner allegedly received the TCCA's late notice of denial,

5

the limitation period had elapsed by over one-year. Instead of quickly preparing his federal petition and submitting it for filing, Petitioner chose to investigate what happened to the original white card denial. During the next month, he filed several inmate requests and grievances seeking to establish whether the Robertson Unit Mail Room had received the white card denial from the TCCA, and whether mailroom officials had improperly handled his legal mail. (Pet's Response at 8 and Appendix in Support at 2-9). On September 15, 2005, while some of the above complaints were pending, Petitioner received a copy of an order signed on September 1, 2005, by the Criminal District Court No 2 in No. W01-49702-I(A), finding that no controverted fact material to the legality of his confinement required an evidentiary hearing, and directing the Clerk to transmit the order, application and answer to the TCCA. (Pet's Appendix at 10). Understandably confused about this order and concerned that his state writ may still be pending, Petitioner wrote two letters to the TCCA, on September 15 and October 5, 2005, requesting confirmation as to whether his art. 11.07 writ was pending, or whether it had been denied. (*Id.* at 11-14). By letter dated October 18, 2005, the TCCA again advised Petitioner that his writ had been denied without written order. (*Id.* at 15).

At this point Petitioner again failed to submit his federal petition for filing. In the meanwhile Petitioner was transferred to the Dallas County Jail pursuant to a writ of habeas corpus ad testificandum issued to secure his presence for a jury trial on November 7, 2005, in *Marshall v. Officer Valdez*, 3:02cv1668-B (N.D. Tex., Dallas Div.), a civil rights case in which he was represented by appointed counsel. (Appendix at 34, docket entry #123). Although the jury returned a verdict for defendant on November 9, 2005, Plaintiff remained at the Dallas County Jail until August 16, 2006, when the judge in No. 3:02cv1668-B issued an order

requesting that he be returned to TDCJ.  *(Id.* at 39, docket entry #177).

Petitioner now argues that during his ten-month confinement at the Dallas County Jail he had inadequate access to the jail law library, writing supplies, legal materials, and the courts, which made it difficult for him to prepare his federal petition.  (Pet's Response to Show Cause Order at 9).  He explains that during his stay at the Dallas County Jail, he sought the assistance of Dallas County judges in connection with the denial of access to the courts and the jail law library, but received no response.  (*Id.* and Appendix at 17-21).

Since the federal petition raises the same claims alleged in the art. 11.07 writ, Petitioner cannot establish what legal issues, if any, he needed to research in the jail law library. Moreover, the form for filing a federal petition could have been easily requested from the federal district clerk's office.  Petitioner further concedes that he was able to finish and mail his federal petition while confined at the Dallas County Jail, despite the alleged denial of access to the jail law library and the court.   Therefore, Petitioner's allegations of denial of access to the courts are conclusory at best and insufficient to warrant tolling on equitable grounds during his ten-month confinement at the Dallas County Jail.

It is important to note that as early as August 9, 2005, Petitioner knew that his state application had been denied and that the limitation period had long run.  At that point, he could have diligently filed his federal petition within the next two weeks.  Instead he chose to spend the next 70 days seeking to investigate the handling of his state writ.  Upon receiving the second confirmation from TCCA that his writ had been denied on October 18, 2005, Petitioner again failed to prepare his federal petition for filing.  Due to the writ of habeas corpus ad testificandum, Petitioner was transferred to the Dallas County Jail, where he allegedly was

7

Case 3:06-cv-01480-L   Document 14   Filed 12/13/06   Page 8 of 10   PageID 272

denied access to the law library and courts. Despite these denials, he prepared and filed his federal petition on August 11, 2006.

The Court is unsympathetic to Petitioner's conduct during the 346 days before the filing of his state writ, and during the 70 days (beginning on August 9 and ending on October 18, 2005), when TCCA twice notified him that his state writ had been denied. Neither a petitioner's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, the ten-month delay in filing his federal petition following his transfer to the Dallas County Jail, despite the alleged denial of access to the law library and the court, militates against a finding that Petitioner is entitled to equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

This case is readily distinguishable from *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000), in which the court found that equitable tolling was warranted because of delays in receiving notice of the denial of a state habeas application. Phillips, unlike the Petitioner in this case, "pursued the process with diligence and alacrity." Id. at 511. He filed for an out-of-time appeal within three days of allegedly receiving the late notice of denial of his state habeas application. *Id.* He then filed his federal habeas corpus petition within one month of the denial of the out-of- time appeal. *Id.*

In light of the above, this Court must conclude that Petitioner does not qualify for equitable tolling. *Cf. Lann v. Dretke*, 111 Fed. Appx. 263, (5th Cir. 2004) (unpublished per curiam) (petitioner was not entitled to equitable tolling because he did not file petition for more than five months after learning of state appellate court's denial of state writ and missed deadline

by more than four months); *Ramos v. Dretke*, 2004 WL 764978, No. 3:03cv2555-P (N.D. Tex. Apr. 8, 2004), *findings accepted*, 2004 WL 1085113 (May 13, 2004) (denying equitable tolling for Petitioner's lack of due diligence following delayed notice of denial of art. 11.07 writ).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 13th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**